McDONALD, Chief Justice.
We have for review the Judicial Qualifications Commission’s findings that Judge J. Chester Kerr is permanently disabled and incapable of discharging his duties as a county court judge and recommendation that he be involuntarily retired. We have jurisdiction pursuant to article V, section 12, Florida Constitution, and approve and adopt the JQC’s findings and recommendations.
After being elected to the Osceola County Court in 1982 and re-elected in 1986, Judge Kerr suffered a stroke in November 1986. Since that time, he has been a patient at various medical facilities, has been absent from court, and has failed to perform his judicial duties. In February 1987 the JQC directed that Judge Kerr undergo a physical examination, resulting in the examining doctor’s conclusion that the judge would never be able to resume his judicial duties. After a hearing in June 1987, the JQC served notice of formal charges in August, with a hearing set for November 1987. At that hearing counsel stipulated that, due to his permanent disability, Judge Kerr was, and would remain, incapable of discharging his duties as a county court judge. In late January 1988 the JQC issued its findings that Judge Kerr is disabled and not able to perform his judicial duties and recommended that Judge Kerr be involuntarily retired.
In its last paragraph of findings the JQC stated:
12. The Commission does not believe it is its function to determine whether Respondent’s judicial duties were the direct cause of his incapacity. If it were, in view of such differing medical opinions, the Commission could not on this record, find Judge Kerr’s disability is job related.
Judge Kerr’s counsel now argues that the JQC should have found the judge’s stroke to be job related[1] and, therefore, should *1093 have recommended that he be retired at forty-two percent of his average monthly compensation. § 121.091(4)(d)l, Fla.Stat. (1987).
In making this argument counsel relies on In re Nelson, 288 So.2d 218 (Fla.1974). In Nelson this Court approved the JQC’s findings that the stress and strain of his judicial duties contributed to Judge Nelson’s heart attack and consequent disability and that Judge Nelson should receive forty-two percent of his average monthly compensation pursuant to subsection 121.-091(4)(d), Florida Statutes (1973). Subsection 121.091(4)(d) currently embodies the same provisions as in 1973. Subsection 121.091(4)(b), however, provides that total and permanent disability and retirement benefits therefor shall be determined by the director of the Division of Retirement pursuant to the statutes. See § 121.021(5), Fla.Stat. (1987). Regardless of Nelson, we agree with the JQC that it is not that body’s function to determine if Judge Kerr’s judicial duties caused his disability or, if so, what his retirement benefits should be, and we recede from Nelson to the extent that it is contrary to this holding.
The JQC found Judge Kerr to be unable to perform his judicial duties. Counsel does not dispute this.[2] The findings and recommendations, being supported by competent, substantial evidence, are, therefore, approved. Judge J. Chester Kerr is declared to be involuntarily retired immediately upon the filing of this opinion, at which time a vacancy will exist in the county court for Osceola County. No petition for rehearing will be entertained.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. The doctor appointed by the JQC found that any stress related to Judge Kerr’s job did not *1093 cause the stroke. Judge Kerr's personal doctor, on the other hand, opined that stress was the direct cause of the stroke.

. Indeed, as noted before, counsel stipulated to this fact.